

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

December 14, 1993

Mr. Charles D. Travis
Executive Director
Employees Retirement System of Texas
P.O. Box 13207
Austin, Texas 78711-3207

Opinion No. DM-275

Re: Whether the Teacher Retirement System of Texas ("TRS") is responsible for paying the early retirement incentive portion of its share of an annuity of a member who has transferred service credit from the TRS to the Employees Retirement System of Texas (RQ-600)

Dear Mr. Travis:

On behalf of the Employees Retirement System of Texas ("ERS"), you ask whether the Teacher Retirement System of Texas ("TRS") is responsible for paying the early retirement incentive portion of its share of an annuity of a member who has transferred service credit from the TRS to the ERS. You explain that the legislature recently enacted legislation which allows TRS members to transfer service credit to the ERS, and requires the TRS to transfer funds to the ERS to pay for its portion of those members' annuities. *See* S.B. 1181, Acts 1993, 73d Leg., ch. 791; H.B. 2711, Acts 1993, 73d Leg., ch. 812. In addition, the legislature also passed a provision which gives current state employees who are eligible for retirement during the period between August 31, 1993 and August 31, 1995 an early retirement incentive, in the form of an increased ERS annuity. *See* S.B. 81, Acts 1993, 73d Leg., ch. 39.

The standard retirement annuity for both ERS and TRS under section 814.105(a) of the Government Code is "an amount computed as the member's average monthly compensation for service . . . for the 36 highest months of compensation multiplied by *2 percent* for each year of service credit . . . ." Gov't Code § 814.105(a) (emphasis added). Under section 814.105(a), an ERS annuitant whose average monthly compensation for service for the 36 highest months of compensation is $3,000.00, with 20 years of service credit, would receive a monthly annuity of $1,200.00 ($3,000.00 x 20 x .02). An employee retiring under the early retirement incentive provision would receive an annuity computed by multiplying the average monthly salary figure by 2.25 percent for each year of service credit. *See* S.B. 81, Acts 1993, 73d Leg., ch. 39 (enacting Gov't Code § 814.1051). With the early retirement incentive, an ERS annuitant whose average monthly compensation for service for the 36 highest months of compensation is $3,000.00, with 20 years of service credit, would receive a monthly annuity of $1,350.00

($3,000.00 x 20 x .0225)--$150.00 more than under the standard section 814.105(a) computation.

You state that this .25 percent early retirement incentive "raises a question concerning the amount of money to be transferred from the TRS to the ERS when the person whose service is transferred elects to retire and receives the additional .25 percent per year of service credit. No such incentive is available to persons retiring under the TRS." You state that "TRS has indicated their belief that they are responsible for only for the portion of the annuity calculated at 2.00% and the ERS is responsible for funding all of the annuity increase resulting from the .25% incentive."

The following scenario illustrates the systems' disagreement in more concrete terms. The hypothetical employee described above has 10 years of TRS service credit and 10 years of ERS service credit. She is eligible to retire on September 30, 1993, and to transfer her TRS service credit to the ERS, both of which she does. As of September 30, 1993, she retires under the ERS with a total of 20 years' service credit. Her annuity would be an amount computed as her average monthly compensation for service for the 36 highest months of compensation multiplied by 2.25% for each year of service credit, or, in the example we have been using, $1,350.00. Apparently, the systems agree that each would be responsible for paying one half of the standard annuity calculated at 2% per year, $1,200.00. ERS also apparently agrees that it would be responsible for paying the early retirement incentive portion of the annuity calculated at .25% per year for the 10 years of ERS service credit ($75.00), but neither system believes it is responsible for paying the early retirement portion of the incentive annuity calculated at .25% per year for the 10 years of TRS service credit ($75.00).

You make the following arguments in support of ERS' position. First, you note that Senate Bill 81, the early retirement incentive provision, was enacted by the legislature and signed by the governor almost two months before Senate Bill 1181 and House Bill 2711.[1] Senate Bill 81 also had an effective date of April 22, 1993, whereas the relevant sections of Senate Bill 1181 and House Bill 2711 became effective June 18, 1993, or September 1, 1993. *See* Acts 1993, 73d Leg., ch. 791, § 59; *id.*, ch. 812, § 46. You rely upon three provisions in the later enacted legislation. Section 2 of Senate Bill 1181 added sections 805.007(b) and 805.008(a) to the Government Code. Section 805.007(b) provides as follows:

> Service credit transferred under this chapter is considered as if it
> had been granted for service performed under the system to which it
> has been transferred and is used in satisfying minimum service

---

[1]Senate Bill 81 was enacted by the legislature on April 1, 1991, and signed by the governor on April 22, 1992. Senate Bill 1181 and House Bill 2711 were enacted by the legislature on May 29, 1993, and May 30, 1993, respectively, and signed by the governor on June 18, 1993.

requirements for retirement and in determining the amount of benefits that are based on the amount of a person's service credit.

Section 805.008(a) provides as follows:

> The system from which a person's service credit is transferred under this chapter shall transfer to the other system, at the time the annuity based on the service credit becomes payable, an amount equal to the portion of the actuarial value of the annuity that represents *the percentage of the total amount of the person's service credited in both systems that was credited in the system from which the credit is being transferred.* [Emphasis added.]

Subsection (e) of section 805.008, which you do not cite, provides that "[t]he system to which a transfer is made under this section is responsible for paying the annuity for which the transfer was made, including the entire amount of any increase in the annuity granted after the transfer." In addition, you rely upon section 43(e) of House Bill 2711 which provides:

> At the time of the retirement or death of a person whose membership is transferred from the [TRS] to the [ERS] pursuant to legislation enacted by the 73rd Legislature, Regular Session, 1993, the [TRS] shall transfer to the [ERS] the person's service credit in the [TRS] and an amount of money equal to the portion of the actuarial value of any annuity that becomes payable under Chapter 814, Government Code, that represents *the percentage of the total amount of the person's service credited to both systems that was credited in the [TRS].* [Emphasis added.]

In a brief submitted to this office, the TRS claims that is not responsible for paying a proportional share of the early retirement incentive portion of the annuity. The TRS does not parse the relevant legislative provisions. Rather, it argues that "[a]lthough technically the incentive is computed by multiplying the additional incentive factor (.25%) by the retiring member's service credit and average salary, it is not in reality a retirement benefit for past service but is rather a benefit for retiring at a particular time." The brief also states that "[t]he early retirement incentive was not an anticipated ERS benefit feature during the conceptual development of the ERS-TRS transfer legislation immediately prior to the 73rd Legislature. The TRS actuary's determination of the actuarial cost of ERS-TRS credit transfer proposals furnished in the course of the legislative process never included the cost of the ERS early retirement incentive." The brief also suggests that the transfer of TRS funds to pay for the ERS early retirement incentive may unconstitutionally divert TRS funds in violation of article XVI, section 67(a)(1) of the Texas Constitution.

The TRS also takes the position that it would be unfair to require the TRS to transfer funds to the ERS to pay for the early retirement incentive portion of the TRS

share of an annuity. The TRS brief points out that an early retirement incentive proposal for TRS members was considered and rejected as too expensive during the most recent legislative session, and states "[i]t is neither reasonable nor fair to other TRS members that a relatively few transferring TRS members have their ERS retirement incentive funded by TRS funds." The brief also states that it would be unfair for TRS funds to be used to pay for the early retirement incentive of a member who retires with many years of TRS service credit and just a few months of ERS service credit.

We believe that it is apparent from the provisions quoted above that the legislature intended the TRS to transfer money to the ERS to fund an annuity in an amount that reflects the proportion of the person's TRS service credit to the person's combined service credit for both TRS and ERS. In other words, in the case of the hypothetical employee who has 10 years service credit in both the TRS and the ERS, the TRS is required to fund half of the total actuarial value of the annuity. Although the legislature had already enacted the early retirement incentive provision almost two months before, it did not exclude the early retirement incentive portion of the annuity from the total actuarial value of the annuity in describing the amount to be transferred. We believe if the legislature had intended to exclude the early retirement incentive from the total actuarial value of an annuity, it would have done so expressly. It is significant that subsection (e) of section 805.008 provides that the system to which the transfer of funds is made is responsible for paying the entire amount of any increase in the annuity granted *after* the transfer of funds.[2] It suggests that the systems are proportionally responsible for the total actuarial value of the annuity at the time of the transfer of funds. Because an annuitant is entitled to the early retirement incentive at the time he or she retires, and the transfer of funds is made at the time the annuity becomes payable, we do not believe that the incentive can be characterized as an increase in the annuity granted after the transfer of funds is made.

With respect to the arguments submitted by the TRS, we understand that the early retirement incentive is not a retirement benefit for past service but is rather a benefit for retiring at a particular time. As discussed above, however, we believe that the plain language of section 805.008(a) and section 43(e) requires the TRS to fund the early retirement incentive portion of its share of the total actuarial value of an annuity. We are not aware of any express legislative intent to the contrary. Nor do we believe that the

_____

[2]We note that section 805.008 uses the terms "transferred" and "transfer" to describe two different events, *i.e.*, the transfer of service credit and the transfer of funds at the time the annuity becomes payable. It is clear that the term "transfer" in subsection (e) refers to the transfer of funds at the time the annuity becomes payable: "The system to which a *transfer is made under this section* is responsible for paying the annuity for which the *transfer* was made, including the entire amount of any increase in the annuity granted after the *transfer*." Gov't Code § 805.008(e) (emphasis added).

TRS actuary's omission of the cost of the ERS early retirement incentive from the actuarial cost of the transfer is indicative of legislative intent.[3]

In addition, the transfer of TRS funds to the ERS to fund the early retirement incentive portion of TRS' share of the total actuarial value of an annuity does not run afoul of the constitution. Article XVI, section 67 of the Texas Constitution provides in pertinent part:

> (a) General Provisions. (1) The legislature may enact general laws establishing systems and programs of retirement and related disability and death benefits for public employees and officers. *Financing of benefits must be based on sound actuarial principles.* The assets of a system are held in trust for the benefit of members and may not be diverted.

> (2) A person may not receive benefits from more than one system for the same service, but the legislature may provide by law that a person with service covered by more than one system or program is entitled to a fractional benefit from each system or program based on service rendered under each system or program calculated as to amount upon the benefit formula used in that system or program. Transfer of service credit between the [ERS] and the [TRS] also may be authorized by law.

This constitutional provision expressly authorizes the transfer of service credit between the ERS and the TRS. We do not believe that the transfer of funds from one system to another to pay for an annuity pursuant to such a transfer program, including the transfer of funds to pay for a portion of an early retirement incentive, for the benefit of a former member, would constitute an unconstitutional diversion of funds. Finally, although we are sympathetic to the TRS complaint that it is unfair for TRS to be required to transfer funds to ERS to pay for the early retirement incentive, we believe that this concern would be most appropriately addressed through legislation amending section 805.008 of the Government Code and section 43(e).

---

[3]A brief we have received which supports the position of TRS relies on the language in section 805.008(a) of the Government Code which states that "[t]he system from which a person's service credit is transferred under this chapter shall transfer to the other system, at the time *the annuity based on the service credit* becomes payable, an amount . . . ." (Emphasis added.) The brief argues that because the incentive portion of the annuity is not based on credit service, section 805.008(a) is not applicable to that portion of the annuity. We believe that the language relied upon merely describes the time at which the transfer of funds must be made and that it has no bearing on the amount of funds to be transferred. Furthermore, the incentive portion of an annuity *is* based upon service credit, *i.e.*, years of service credit multiplied by .25%. Moreover, even if this language were legally significant, it is not contained in section 43(e) of House Bill 2711 which specifically addresses TRS' duty to transfer funds to ERS. We note that House Bill 2711 has a later enactment date than Senate Bill 1181, the bill which enacted section 805.008. *See supra* note 1; *see also* Gov't Code § 311.025 (Code Construction Act).

## S U M M A R Y

Under section 43(e) of House Bill 2711, Acts 1993, 73d Leg., ch. 812, and newly enacted section 805.008 of the Government Code, the Teacher Retirement System of Texas ("TRS") is responsible for paying the early retirement incentive portion of its share of the total actuarial value of an annuity of a member who has transferred service credit from the TRS to the Employees Retirement System of Texas.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Attorney General for Litigation

RENEA HICKS
State Solicitor

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Mary R. Crouter
Assistant Attorney General